## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| DARLENE HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | Docket No. |
| | ) | |
| SOUTHERN MAINE ORAL AND | ) | |
| MAXILLOFACIAL SURGERY, P.A. | ) | |
| | ) | |
| Defendant | ) | |

### NOTICE OF REMOVAL

Defendant SOUTHERN MAINE ORAL AND MAXILLOFACIAL SURGERY, P.A ("SMOMS"), by and through its attorneys, Norman, Hanson & DeTroy, LLC, hereby files this Notice of Removal pursuant to 28 U.S.C. §1441, and in support thereof state as follows:

1. Plaintiff Darlene Hayes filed her Complaint in the Maine Superior Court, York County, on June 16, 2015, against SMOMS (the "State Court Action"). A true and accurate copy of the Complaint that initiated the State Court Action is attached hereto as Exhibit A.

2. Plaintiff's Complaint contains three counts: one under the Maine Human Rights Act, 5 M.R.S.A. §4551 *et seq*.; one under Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189; and one under Section 504 of the Rehabilitation Act, 29 U.S.C. §794. Plaintiff's Complaint generally alleges that SMOMS failed to provide her with a qualified interpreter, which was necessary to afford her equal access to the surgical services SMOMS provides to the public.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1441, 1331 and 1367.

### I. Defendant Has Satisfied the Procedural Requirements for Removal

1. <u>Removal is Timely</u>. On July 13, 2015, undersigned counsel received via email copies of the Summons and Complaint in the State Court Action. The Defendant had not previously received a copy of the Complaint in the State Court action by any other means. On July 15, 2015, undersigned counsel acknowledged acceptance of service by mail of the Summons and Complaint in the State Court Action. This Notice of Removal is being filed with the Court within thirty (30) days after service upon SMOMS of the Plaintiff's Complaint. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. §1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 353-354, 119 S.Ct. 1332, 143 L.Ed.2d 448 (1999).

2. No responsive pleading or motion has been due and none has yet been filed in the State Court Action.

3. Defendant will promptly file a certified copy of the record upon receipt from the York County Superior Court.

4. <u>Venue is proper.</u> The Maine Superior Court, York County, is located within the District of Maine, and, therefore, venue is proper in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## II. Federal Question and Supplemental Jurisdiction

1. This Court has original subject-matter jurisdiction under the federal-question jurisdictional statute, 28 U.S.C. § 1331, and/or supplemental subject-matter jurisdiction under 28 U.S.C. § 1367, of all the claims in the Complaint.

2. Counts II and III of the Complaint arise under federal law because the following substantial questions of federal law are set forth on the face of the Complaint:

   a. Whether the Defendant discriminated against the Plaintiff on the basis of disability in the full and equal enjoyment of the services of a place of public accommodation, in violation of 28 U.S.C. §12182; and

   b. Whether the Defendant, a program receiving federal financial assistance, discriminated against the Plaintiff solely by reason of her disability in violation of 29 U.S.C. §794.

3. Defendant does not concede that the Plaintiff has standing to assert the claims for injunctive relief in Counts I and II of the Complaint, and to the extent those issues are jurisdictional, Defendant does not concede the jurisdiction of any court over such claims. But those issues do not affect the removal requirement of federal jurisdiction.

4. Defendant disputes each of the aforementioned issues of federal law, and resolution of Plaintiff's claims will turn substantially on the resolution of those disputed federal issues.

5. Count I of the Complaint is removable because it is within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367.

6. Based on all of the foregoing, Defendant respectfully submits that this case is removable under 28 U.S.C. § 1441(a).

WHEREFORE, the Defendant respectfully gives notice that the State Court Action has been removed from the Maine Superior Court, York County, to the United States District Court for the District of Maine pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, and request that this Court assume jurisdiction over this action.

Dated at Portland, Maine this 31st day of July, 2015.

                                                              NORMAN, HANSON & DeTROY, LLC

                                                              /s/ Mark G. Lavoie, Esq.

                                                              /s/ Christopher C. Taintor, Esq.

                                                              Attorneys for Defendant
                                                             Southern Maine Oral and Maxillofacial
                                                             Surgery, P.A.

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000